IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. LAZARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 2852 |
| v. | ) | |
| | ) | |
| ALEX M. AZAR[1], in his official capacity | ) | Judge Jorge L. Alonso |
| as Secretary, United States Department of | ) | |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Alex M. Azar, Secretary of the United States Department of Health and Human Services, has filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion [8] is granted.

## BACKGROUND

This is a Medicare benefits case. Plaintiff has type 1 diabetes, and his physician prescribed a continuous glucose monitor ("CGM") system for him as reasonable and medically necessary. Plaintiff applied to the Department of Health and Human Services for Medicare coverage for a disposable sensor he received on January 8, 2014 for his CGM, amounting to $946 in denied coverage. Following a hearing, an administrative law judge ("ALJ") denied plaintiff's request after determining that: (1) the sensors were not medically necessary or reasonable; and (2) Medicare does not cover the sensors and plaintiff is financially responsible for them.

Plaintiff filed an administrative appeal, and on February 8, 2017, the Medicare Appeals Council modified and affirmed the ALJ's decision. The Medicare Appeals Council clarified that

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Alex M. Azar, Secretary of the United States Department of Health and Human Services, is substituted for former Secretary Thomas Price.

(1) Medicare does not cover the January 8, 2014 sensors because the CGM system at issue does not satisfy the definition of durable medical equipment ("DME"), not because the sensors were not medically reasonable and necessary; and (2) plaintiff is financially responsible for the sensors regardless of whether he knew Medicare would cover them.

Plaintiff seeks judicial review of the Secretary's final administrative decision, arguing that it was arbitrary, capricious, contrary to law and not supported by substantial evidence (Count I), and that the Secretary's actions constitute a due process violation (Count II). Defendant moves to dismiss on the basis of lack of subject matter jurisdiction and failure to state a claim.

## STANDARD

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *Kelley v. Med-1 Sols., LLC,* 548 F.3d 600, 604 (7th Cir. 2008) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject-matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

## DISCUSSION

**Subject Matter Jurisdiction**

Defendant moves to dismiss, arguing that plaintiff cannot satisfy the jurisdictional requirements because (1) he cannot meet the amount-in-controversy requirement; (2) he failed to exhaust his administrative remedies; and (3) there is no independent basis for federal jurisdiction. Plaintiff responds that his claim exceeds the amount-in-controversy requirement, he was not

required to exhaust his administrative remedies due to futility, and defendant is subject to federal jurisdiction.

*Amount-in-controversy requirement*

Plaintiff is challenging the denial of his request for Medicare coverage for a disposable sensor used for his CGM system. The sensor has a service date of January 8, 2014 and amounts to $946 in Medicare benefits. Defendant says that plaintiff's claim for $946 of Medicare benefits does not satisfy the amount-in-controversy requirement to obtain judicial review under the Medicare Act, 42 U.S.C. § 1395ff(b)(1)(E), and that the Court therefore lacks jurisdiction. The Court agrees.

Under Section 1395ff(b)(1)(E) of the Act, judicial review of a Medicare benefits claim is not available if the amount in controversy is less than $1,000. 42 U.S.C. § 1395ff(b)(1)(E)(i). This amount is adjusted annually based on the consumer price index. *See* 42 U.S.C. § 1395ff(b)(1)(E)(iii). Plaintiff is required to meet the amount-in-controversy requirement at the time he requests judicial review. *See* 42 C.F.R. § 405.1006. For calendar year 2017, the amount-in-controversy requirement for an individual seeking judicial review is $1,560. *See* 81 Fed. Reg. 65651-53.

Plaintiff says that he satisfies this requirement because he alleges in his complaint, with a supporting declaration and documentation, that defendant's refusal to pay for his CGM has already cost him in excess of $1,700 and that he will continue to incur expenses related to the denial of benefits for future CGM sensors. However, as noted by defendant, judicial review of final administrative decisions is limited to the administrative record. *See Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir. 1992) *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 2000). The only claim before the Court is plaintiff's claim for Medicare benefits for a

3

disposable sensor received on January 8, 2014, with a billing amount of $946. *See Bookshester v. Price*, 16 C 9529, 2017 WL 1425595, at *3 (N.D. Ill. April 20, 2017) (noting that court could rely on the Medicare Summary Notice in determining whether the amount-in-controversy requirement was satisfied). To the extent that plaintiff seeks to incorporate/aggregate any additional Medicare benefits claims, he is unable to do so because the Act does not permit aggregation for judicial claims and because he did not exhaust his administrative remedies for his other claims. *See Bloom v. Azar*, 2018 WL 583111, at *5-7 (finding that an individual cannot aggregate Medicare benefits claims at the judicial level); *Martin v. Shalala*, 63 F.3d 497, 503 (7th Cir. 1995) (Medicare claimants must "exhaust their administrative remedies by obtaining a final decision of the Secretary before they can present a claim for judicial review."); *see also* 42 U.S.C. § 405(g); 1395ff(b)(1) (explaining judicial review process and exhaustion). Because the Court finds that it lacks jurisdiction, it need not address the merits of defendant's remaining arguments. Accordingly, plaintiff's complaint is dismissed for lack of jurisdiction.

## CONCLUSION

For these reasons, defendant's motion to dismiss plaintiff's complaint [8] is granted, and this action is dismissed with prejudice. Status hearing previously set for 4/18/18 is stricken. Civil case terminated.

**SO ORDERED.**

                                        **ENTERED: April 17, 2018**

                                        **HON. JORGE ALONSO**
                                        **United States District Judge**